***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission, upon review of the evidence, reverses the Order of the Commissioner denying defendant's Motion to Dismiss.
 ***********
Based upon all the evidence adduced from the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff filed an affidavit alleging negligence against the Wake County Detention Facility on March 23, 2001.
2. Defendant filed a Motion to Dismiss on 3 April 2001, arguing that the Industrial Commission did not have jurisdiction over the matter because the Wake County Detention Facility was not a State department, institution or agency.
3. By Order filed on March 26, 2002, Commissioner Bernadine S. Ballance denied defendant's Motion to Dismiss, stating that Wake County Detention Facility was a part of the North Carolina Department of Correction.
4. Defendant filed a Motion to Reconsider on April 8, 2002, arguing that the Wake County Detention Facility is not a part of the N.C. Department of Correction, but rather, it is a part of the Wake County Sheriff's Department.
5. By Order dated October 2, 2003, Commissioner Ballance denied defendant's Motion to Reconsider.
6. After an investigation by the Commission, it is determined that the Wake County Detention Facility is the same as the Wake County Detention Center, which is a part of the Wake County Sheriff's Department and not a part of the N.C. Department of Correction.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. "The North Carolina Industrial Commission is hereby constituted a court for the purpose of hearing and passing upon tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State." N.C. Gen. Stat. § 143-291(a) (2003). Under the Tort Claims Act, jurisdiction is vested in the Industrial Commission to hear claims against the State for personal injuries sustained by any person as result of negligence of state employee while acting within scope of his employment.Gammons v. North Carolina Dept. of Human Resources, 344 N.C. 51,472 S.E.2d 722 (1996).
2. Wake County Detention Facility is the same as the Wake County Detention Center, which is a part of the Wake County Sheriff's Department and not a part of the N.C. Department of Correction.
3. Under the Tort Claims Act, the Industrial Commission does not have jurisdiction over claims against county sheriff's departments. Hull v. Oldham, 104 N.C. App. 29, 407 S.E.2d 611
(1991).
4. Defendant's Motion to Dismiss should have been granted on the basis of lack of jurisdiction.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. The Order dated March 26, 2002 denying defendant's Motion to Dismiss is VACATED.
2. Defendant's Motion to Dismiss is hereby GRANTED.
3. Plaintiff's claim is hereby DISMISSED for lack of jurisdiction.
This the ___ day of June, 2004.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER